IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OWNERS INSURANCE COMPANY
and HOME-OWNERS INSURANCE
COMPANY,

     Plaintiffs,

v.

COMFORT AIR CORPORATION,
STEPHEN ROSS , MARY KAY
ROSS, WILLIAM HINKEBEIN,
THE INSTITUTE FOR
PERSONALIZED MEDICINE, LLC,
and ASSOCIATION CASUALTY
INSURANCE a/k/a ASSOCIATION
CASUALTY INSURANCE
COMPANY ,

     Defendants.

Civil Action File
Number:  _____

## COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW OWNERS INSURANCE COMPANY ("Owners") and

HOME-OWNERS INSURANCE COMPANY ("Home-Owners"), Plaintiffs, and

file this Complaint for Declaratory Judgment, showing this Honorable Court as

follows:

## THE PARTIES

1.

Owners is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Michigan.

2.

Home-Owners is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Michigan.

3.

Defendant Comfort Air Corporation (hereafter referred to as "Comfort Air") is a corporation formed under the laws of the State of Georgia, with its principal place of business in Chatham County, Georgia. Service may be perfected upon Defendant Comfort Air's registered agent, Larry E. White, located at 9 Executive Circle, Savannah, Chatham County, Georgia 31406.

4.

Defendant William Hinkebein is a citizen and domiciliary of the State of Virginia.   Service may be perfected upon him at 4750 Open Greens Drive, Virginia Beach, Virginia 23462.

5.

Defendants Mary Kay Ross and Stephen Ross are citizens of and domiciled in the State of Georgia. Service may be perfected upon Mary Kay Ross and Stephen Ross at 14 Tidewater Way, Savannah, Chatham County, Georgia 31411.

6.

The Institute for Personalized Medicine, LLC is a limited liability corporation organized and incorporated under the laws of the State of Georgia with its principal place of business located in Georgia.   This Defendant may be served via its registered agent, Douglas McManamy at 6600 Abercorn Street, Suite 208, Chatham, Savannah, Georgia 31405.   The individual members of this Defendant are Mary Kay Ross and Stephen Ross, both of whom are citizens of and domiciled in the State of Georgia.

7.

Defendant Association Casualty Insurance also known as Association Casualty Insurance Company (hereafter referred to as "Association Casualty") is a Missouri corporation and can be served through its registered agent Elizabeth Dinnin at 11138 State Bridge Road, Suite 200, Johns Creek, Fulton County, Georgia.

## JURISDICTION AND VENUE

### 8.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### 9.

This Court may exercise personal jurisdiction over all of the parties joined in this lawsuit.

### 10.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## NATURE OF ACTION

### 11.

This is an action for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Plaintiffs and Defendants.

### 12.

A controversy of a judicial nature presently exists among the parties, which demands a declaration by this Court in order that Plaintiffs may have their rights and

duties under the applicable contracts of insurance determined and avoid the possible accrual of damages.

## UNDERLYING CLAIMS

13.

Mary Kay Ross and Stephen Ross (hereafter referred to as "Ross"), are the owners of a residence located in Savannah, Georgia (hereafter referred to as the "Property").

14.

Ross has alleged that Comfort Air negligently installed and maintained the heating ventilating and air conditioning system at the Property contributing to growth of mold.

15.

As a result of the alleged health issues suffered by Mary Kay Ross due to alleged exposure to mold, The Institute for Personalized Medicine, LLC has alleged that it suffered lost revenue for which Comfort Air is responsible, in whole or in part.

16.

William Hinkebein contends he also suffered damages from alleged exposure to mold while visiting the Property.

17.

Association Casualty issued a policy or policies of insurance to Comfort Air which may provide coverage for Comfort Air for all or part of the claims asserted by Ross, The Institute for Personalized Medicine, LLC, and/or William Hinkebein.

18.

On or around June 27, 2016, Ross, The Institute for Personalized Medicine, LLC, and William Hinkebein (hereafter collectively referred to as "Underlying Co-Plaintiffs") filed a Complaint in the State Court of Chatham County, Georgia against Structured Results, Inc., Paul Davis Restoration of Coastal Georgia, Inc., and Comfort Air, the same being designated as Civil Action File Number: STCV1600893 (hereafter referred to as "Underlying Lawsuit").   A true and accurate copy of the Complaint filed by Underlying Co-Plaintiffs in the Underlying Lawsuit is attached hereto as **Exhibit "A**".

19.

In the Underlying Lawsuit, Underlying Co-Plaintiffs seek damages from Comfort Air for breach of contract, breach of express warranty, breach of implied warranty, negligence, and attorney's fees.

## THE INSURANCE CONTRACTS

### 20.

Owners issued a commercial general liability insurance policy to Defendant Comfort Air, policy number 134618-48381057, with an effective policy period of January 18, 2013 to January 18, 2014 (hereafter referred to as "The First Policy"). A true and complete copy of the First Policy is attached hereto as **Exhibit "B".**

### 21.

Home-Owners issued a renewal commercial general liability insurance policy to Defendant Comfort Air, policy number 134618-48381057, with an effective policy period of January 18, 2014 to January 18, 2015 (hereafter referred to as "The Renewal Policy").   A true and complete copy of the Renewal Policy is attached hereto as **Exhibit "C".**

### 22.

Owners issued a commercial general liability insurance policy to Defendant Comfort Air, policy number 134618-80381057, with an effective policy period of January 18, 2015 to January 18, 2016 (hereafter referred to as "The Second Renewal Policy").   A true and complete copy of the Second Renewal Policy is attached hereto as **Exhibit "D".**   (The First Policy, The Renewal Policy, and The Second Renewal Policy are hereafter collectively referred to as "The Policies").

23.

Comfort Air seeks a defense and indemnity under the Policies for the claims asserted by Underlying Co-Plaintiffs in the Underlying Lawsuit.

24.

After receiving notice of the initial claim, Plaintiffs herein issued a reservation of rights letter to Comfort Air in which Plaintiffs herein provided notice of their reservation of rights to contest coverage under the Policies for the claims asserted in the Underlying Lawsuit.   A true and accurate copy of the reservation of rights letter is attached hereto as **Exhibit "E"**.   Plaintiffs herein also issued a Supplemental Reservation of Rights letter, a true and accurate copy of which is attached hereto as **Exhibit "F".**

25.

Owners retained counsel to defend Comfort Air against the complaint filed in the Underlying Lawsuit subject to the reservation of rights letters.

26.

The Policies issued by Plaintiffs herein afford no coverage for the claims and damages asserted in the Underlying Lawsuit.   Therefore, Plaintiffs have no duty to defend or indemnify Comfort Air in the Underlying Lawsuit.

27.

The Policies provide, in pertinent part, the following:

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

> **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies....

Commercial General Liability Coverage Form 55300 (7-05).

28.

Under Coverage A, the Policies further provide:

> **b.**      This insurance applies to "bodily injury" and "property damage" only if:
>
> > **(1)**      The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> >
> > **(2)**      The "bodily injury" or "property damage" occurs during the policy period; and
> >
> > • • •

Commercial General Liability Coverage Form 55300 (7-05).

29.

The Policies further provide in the Definitions section the following relevant definitions:

4.    "Bodily injury" means bodily injury, bodily sickness or bodily disease sustained by a person, including death resulting from any of these at any time.

• • •

14.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

• • •

18.    "Property damage" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

Commercial General Liability Coverage Form 55300 (7-05).

30.

The Policies also contain the following relevant exclusions as they relate to

Coverage A:

2.    **Exclusions**

This insurance does not apply to:

a.    **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured....

-10-

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement....

**j.    Damage to Property**

"Property damage" to:

. . .

**(6)**    That particular part of real property on which any insured or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations;

**(7)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it[.]

**l.    Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

**m.    Damage to Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.    Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";

**(2)** "Your work"; or

**(3)** "Impaired property"

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Commercial General Liability Coverage Form 55300 (7-05).

31.

The Policies further provide, in pertinent part, the following definitions:

**9.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

-12-

**a.**  It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.**  You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.**  The repair, replacement, adjustment or removal of "your product" or "your work"; or

**b.**  Your fulfilling the terms of the contract or agreement.
. . .

**26.**  "Your product":

**a.**  Means:

**(1)**  Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)**  You;

**(b)**  Others trading under your name; or

**(c)**  A person or organization whose business or assets you have acquired; and

**(2)**  Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

-13-

**b.**   Includes:

    **(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)**   The providing of or failure to provide warnings or instructions.

        . . .

**27.**   "Your work":

**a.**   Means:

    **(1)**   Work or operations performed by you or on your behalf; and

    **(2)**   Materials, parts or equipment furnished in connection with such work or operations.

**b.**   Includes:

    **(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    **(2)**   The providing of or failure to provide warnings or instructions.

Commercial General Liability Coverage Form 55300 (7-05).

32.

The Policies also provide, in relevant part, the following:

**COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY**

    **1.**    **Insuring Agreement**

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies....

Commercial General Liability Coverage Form 55300 (7-05).

33.

The Policies also contain the following relevant definitions:

    **2.**    "Advertising injury" means injury arising out of one or more of the following offenses:

        **a.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services in your "advertisement";

        **b.**    Oral or written publication, in any manner, of material that violates a person's right of privacy in your "advertisement";

        **c.**    The use of another's advertising idea in your "advertisement"; or

        **d.**    Infringing upon another's copyright, "trade dress" or slogan in your "advertisement".

. . .

**15.**    "Personal injury" means other than "bodily injury" arising out of one or more of the following offenses:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy.

Commercial General Liability Coverage Form 55300 (7-05).

34.

The Policies also contain a Georgia Limited Fungi or Bacteria Coverage

Endorsement, Form 55282 (4-05), which provides as follows:

**SCHEDULE**

| | |
|---|---|
| Fungi and Bacteria Property Damage Aggregate Limit | $50,000.00 |

**A.**    The following additional exclusion is added to **SECTION I-COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY 2. Exclusions:**

-16-

"Bodily injury" arising out of:

    **a.**    A "fungi or bacteria incident"; or

    **b.**    Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

…

**B.**    The following exclusion is added to **SECTION I - COVERAGES, COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY 2. Exclusions:**

"Personal injury" and "advertising injury" arising out of:

    **a.**    A "fungi or bacteria incident"; or

    **b.**    Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.**    Coverage provided by this insurance for "property damage", arising out of a "fungi or bacteria incident", is subject to the Fungi and Bacteria Property Damage Aggregate Limit as described in Paragraph **D.** of this endorsement.

**D.**   The following are added to **SECTION III - LIMITS OF INSURANCE:**

    **1.**   Subject to Paragraphs **2**, and **3**, of Section III-Limits of Insurance, as applicable, the Fungi and Bacteria Property Damage Aggregate Limit shown in the Schedule of this endorsement is the most we will pay under Coverage A for all "property damage" arising out of one  or more "fungi or bacteria incident".

    **2.**   Subject to the paragraph immediately above, paragraph **5**, the Each Occurrence Limit and Paragraph **6**, the Damage To Premises Rented To You Limit, of Section III- Limits of Insurance continue to apply to "property damage" arising out of a "fungi or bacteria incident".

**E.**   The following additional definitions are added to **SECTION V - DEFINITIONS:**

"Fungi" means any type or form of fungus, including but not limited to mold, mildew, mycotoxins, spores, scents or byproducts produced or released by any type or form of fungus.

"Fungi or bacteria incident" means an incident which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in sequence to such damage.

-18-

## COUNT ONE

### 35.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 34 of this Complaint as if set forth fully herein.

### 36.

Under the terms of the Policies issued by Plaintiffs, there is no coverage for damages that do not constitute "bodily injury," "property damage," "personal injury," or "advertising injury" as such terms are defined by the Policies.

### 37.

Plaintiffs have no obligation to provide a defense to the Underlying Lawsuit or to indemnify any of the named Defendants for any damages that do not constitute "bodily injury," "property damage," "personal injury," or "advertising injury".

### 38.

Plaintiffs have no obligation to provide a defense to the Underlying Lawsuit or indemnify any of the named Defendants to the extent that any of the claims asserted do not seek damages because of "bodily injury," "property damage," "personal injury," or "advertising injury" under the Policies.

39.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage under the Policies for any damages sought in the Underlying Lawsuit which do not constitute "bodily injury," "property damage," "personal injury," or "advertising injury," and Plaintiffs have no duty to defend or indemnify the Defendants in the Underlying Lawsuit as a result.

## COUNT TWO

40.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 39 of this Complaint as if set forth fully herein.

41.

Under the terms of the Policies, coverage is afforded, if at all, only for damages because of occurrences or offenses which occur or are committed during the policy period.

42.

Plaintiffs have no obligation to provide a defense to the Underlying Lawsuit or to indemnify any Defendant herein for any damages because of an occurrence or offense which occurred or was committed outside the policy period.

43.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage under the Policies for any claims asserted in the Underlying Lawsuit that seek damages because of an occurrence or offense which occurred or was committed outside the policy period, and Plaintiffs have no duty to defend or indemnify the Defendants in the Underlying Lawsuit as a result.

## COUNT THREE

44.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 43 of this Complaint as if set forth fully herein.

45.

Under the terms of the Policies issued by Plaintiffs, there is no coverage for damages because of "property damage" or "bodily injury" which are not the result of an "occurrence" or accident, or which are expected or intended from the standpoint of the insured.(Exclusion a).

46.

Plaintiffs have no obligation to provide a defense to the Underlying Lawsuit or indemnify the named Defendants for damages which were expected or intended

by them, or which were known to be substantially certain to occur due to any insured's knowledge.

47.

Plaintiffs have no obligation to provide a defense to the Underlying Lawsuit or indemnify the named Defendants to the extent that any of the claims asserted seek damages not caused by an "occurrence" under the Policies.

48.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage under the Policies for any such damages which were not caused by an "occurrence" or accident, which were intended or expected from the standpoint of any insured, or which were substantially certain to occur, and Plaintiffs have no duty to defend or indemnify the Defendants in the Underlying Lawsuit as a result.

## **COUNT FOUR**

49.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 48 of this Complaint as if set forth fully herein.

50.

The Policies exclude "property damage" to that particular part of real property on which any insured, or any contractors or subcontractors working directly or indirectly on any insured's behalf, performed operations.   (Exclusion j(6)).

51.

The damages sought against the named Defendants in the Underlying Lawsuit arise out of the insured Defendants' operations, or the operations of contractors or subcontractors working directly or indirectly on the insured Defendants' behalf, at the Property.

52.

Plaintiffs have no duty to defend or indemnify the named Defendants against the claims set forth in the Underlying Lawsuit to the extent that the damages sought constitute "property damage" to real property on which any insured Defendant, or contractors or subcontractors working directly or indirectly on the named Defendants' behalf, performed operations and are excluded from coverage.

53.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage under the Policies for damages because of "property damage" to real property on which the insured Defendants, or contractors or subcontractors working

directly or indirectly on the insured Defendants' behalf, performed operations, and Plaintiffs have no duty to defend or indemnify the Defendants in the Underlying Lawsuit as a result.

## COUNT FIVE

54.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 53 of this Complaint as if set forth fully herein.

55.

The Policies exclude "property damage" to that particular part of the Property that must be restored, repaired, or replaced because any insured's work was incorrectly performed.   (Exclusion j(7)).

56.

The damages sought against the named Defendants in the Underlying Lawsuit constitute "property damage" to the Property because the named Defendants incorrectly performed work.

57.

Plaintiffs have no duty to defend or indemnify the named Defendants against the claims asserted in the Underlying Lawsuit because the damages sought

constitute "property damage" to the Property because the named Defendants incorrectly performed work.

58.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage under the Policies for damages to the Property because the named Defendants' work was incorrectly performed, and Plaintiffs have no duty to defend or indemnify the Defendants in the Underlying Lawsuit as a result.

<b><u>COUNT SIX</u></b>

59.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 58 of this Complaint as if set forth fully herein.

60.

The Policies issued by Plaintiffs exclude "property damage" to an insured's work, arising out of that or work or any part of it.   (Exclusion l).

61.

The damages sought against the named Defendants in the Underlying Lawsuit constitute "property damage" to the named Defendants' work, arising out of that work or any part of that work, and are excluded from coverage.

-25-

62.

Plaintiffs have no duty to defend or indemnify the named Defendants against the claims set forth in the Underlying Lawsuit because the damages sought constitute "property damage" to the named Defendants' work, arising out of that work or any part of that work, and are excluded from coverage.

63.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage under the Policies for any damages because of "property damage" to the

named Defendants' or work, or arising therefrom, and Plaintiffs have no duty to defend or indemnify the Defendants in the Underlying Lawsuit as a result.

## COUNT SEVEN

64.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 63 of this Complaint as if set forth fully herein.

65.

The Policies exclude "property damage" to "impaired property" or property that has not been physically injured arising out of an insured's defective product or

associated work, or arising out of an insured's delay or failure to perform a contract in accordance with its terms.   (Exclusion m).

66.

The damages sought against the named Defendants in the Underlying Lawsuit constitute "property damage" to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, inadequacy, or dangerous condition in the named Defendants' product or work, and/or arising out of the Defendants' delay or failure to perform a contract in accordance with its terms.

67.

Plaintiffs have no duty to defend or indemnify the named Defendants against the claims set forth in the Underlying Lawsuit to the extent the damages sought constitute "property damage" to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, inadequacy, or dangerous condition in the named Defendants' product or work, or arising out of the Defendants' delay or failure to perform a contract in accordance with its terms.

68.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage under the Policies for any "property damage" to "impaired property" or property that has not been physically injured arising from the named Defendants'

-27-

defective product or work, or arising from Defendants' delay or failure to perform a

contract in accordance with its terms, and Plaintiffs have no duty to defend or

indemnify the Defendants in the Underlying Lawsuit as a result.

## COUNT EIGHT

69.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 68 of this

Complaint as if set forth fully herein.

70.

The Policies exclude damages claimed for any loss, cost, or expense incurred

by an insured for the loss of use, withdrawal, recall, inspection, repair, replacement,

adjustment, removal, or disposal of the insured's product or work or of impaired

property if such product, work, or property is withdrawn or recalled from the market

or from use by any person or organization because of a known or suspected defect,

deficiency, inadequacy, or dangerous condition in it.   (Exclusion n).

71.

The damages sought against the named Defendants in the Underlying Lawsuit

constitute damages claimed for the loss of use, withdrawal, recall, inspection, repair,

replacement, adjustment, removal, or disposal of the insured's product or work or of

impaired property, and such product, work, or property was withdrawn or recalled

from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it.

72.

Plaintiffs have no duty to defend or indemnify the named Defendants against the claims set forth in the Underlying Lawsuit to the extent the damages sought constitute damages claimed for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of the insured's product or work or of impaired property, and such product, work, or property was withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it.

73.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage under the Policies for any damages that constitute damages claimed for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of the insured's product or work or of impaired property if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it, and Plaintiffs have no duty to defend or indemnify the Defendants in the Underlying Lawsuit as a result.

## COUNT NINE

74.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 73 of this Complaint as if set forth fully herein.

75.

The Policies exclude damages claimed for any bodily injury arising out of a fungi or bacteria incident.

76.

The damages sought against the named Defendants in the Underlying Lawsuit constitute damages claimed for bodily injury arising out of a fungi or bacteria incident.

77.

Plaintiffs have no duty to defend or indemnify the named Defendants against the claims set forth in the Underlying Lawsuit to the extent the damages sought constitute damages claimed for bodily injury arising out of a fungi or bacteria incident.

78.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage under the Policies for any damages that constitute damages claimed for

bodily injury arising out of a fungi or bacteria incident, and Plaintiffs have no duty to defend or indemnify the Defendants in the Underlying Lawsuit as a result.

## COUNT TEN

79.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 78 of this Complaint as if set forth fully herein.

80.

To the extent not otherwise barred or excluded from coverage, the Policies limit damages claimed for any property damage arising out of a fungi or bacteria incident to the total sum of $50,000.00.

81.

The Policies preclude coverage for damages claimed for any property damage arising out of a fungi or bacteria incident in excess of $50,000.00.

82.

The damages sought against the named Defendants in the Underlying Lawsuit constitute damages claimed for property damage arising out of a fungi or bacteria incident.

83.

Plaintiffs have no duty to defend or indemnify the named Defendants against the claims set forth in the Underlying Lawsuit to the extent the damages sought for property damage arising out of a fungi or bacteria incident exceed the sum of $50,000.00.

84.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage under the Policies for any amounts in excess of the total sum of $50,000.00 for any damages that constitute damages claimed for property damage arising out of a fungi or bacteria incident.

## **COUNT ELEVEN**

85.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 84 of this Complaint as if set forth fully herein.

86.

The complaint filed against the named Defendants in the Underlying Lawsuit seeks an award of attorney's fees and costs in addition to compensatory damages.

87.

The Policies afford no coverage for attorney's fees and costs as such damages are not in compensation for a covered injury.

88.

Plaintiffs are entitled to a judgment declaring that no Defendant is afforded coverage for any attorney's fees and costs sought in the Underlying Lawsuit.

**WHEREFORE**, Plaintiffs pray that this Court enter judgment that they have no duty to defend or indemnify the Defendants named in the Underlying Lawsuit or that any such obligation be limited; that this Court bind each and every named party herein by said judgment; that Plaintiffs be awarded costs in this action; and for further relief as this Court may deem just and appropriate.

This 27th day of March, 2017.

Respectfully submitted,

KENDALL LAW GROUP, LLC

| | |
|---|---|
| 3152 Golf Ridge Blvd., Suite 201 | /s/ D. Scott Mercer |
| Douglasville, Georgia 30135 | Michael C. Kendall |
| Telephone:   (770) 577-3559 | Georgia Bar No. 414030 |
| Facsimile:   (770) 577-8113 | D. Scott Mercer |
| mckendall@kendall-lawgroup.com | Georgia Bar No. 502150 |
| dsmercer@kendall-lawgroup.com | *Attorneys for Plaintiffs* |